UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER ZACHARCZUK,<br><br> Plaintiffs,<br><br>vs.<br><br>REGO TRADING, INC., BASIC TRUCKING, INC., and VLADIMIR SHUKHMAN, individually,<br><br> Defendants. | Civil Case No:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JENNIFER ZACHARCZUK ("Plaintiff" or "Zacharczuk"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendants REGO TRADING, INC. ("Rego"), BASIC TRUCKING, INC. ("BT"), and all other affiliated entities and/or joint employers (collectively "Corporate Defendants") and VLADIMIR SHUKHMAN, individually ("Shukhman") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the overtime provisions of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), ("NJWHL").

2. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the retaliation provisions of the FLSA, 29 U.S.C. §215(a)(3), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a24, and the New Jersey Law against Discrimination,

1

N.J.S.A. 10:5-12(d).

3. Beginning in approximately 2011, and continuing until in or about July 2019, Defendants have engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week, without being paid overtime compensation at the statutory overtime rate as required by applicable Federal and New Jersey state law.

4. Beginning in November 2018, and continuing to date, Defendants have failed to make available to Plaintiff earned sick leave as required by N.J.S.A. 34:11D-5.

5. Plaintiff has initiated this action against Defendants to recover damages, as well as attorneys' fees and costs, sustained resultant from Defendants' retaliatory actions after Plaintiff filed a claim against Defendants for unpaid overtime compensation and unpaid sick leave.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. §201 et. seq.

7. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

8. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. At all times material hereto, Plaintiff performed non-exempt secretarial duties for the Defendants in Metuchen, Middlesex County, New Jersey. Defendants are

therefore within the jurisdiction and venue of this Court.

10. At all times pertinent to this Complaint, the Corporate Defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a wholesale distributor of brand name consumer products, receiving goods from manufacturers from states throughout the country and thereafter sell and, at times, deliver these goods throughout the tri-state area. Alternatively, Plaintiff worked in interstate commerce, i.e., taking orders and payments from out of state customers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

### Plaintiff

11. Plaintiff Zacharczuk is an adult individual who is a resident of Colonia, New Jersey.

12. Plaintiff Zacharczuk was employed by Defendants full time as an office assistant performing duties in furtherance of Defendants' business, from in or about 2011, until October 24, 2019.

### Corporate Defendants

13. Rego Trading, Inc., is a New Jersey corporation, formed in or about 1994, with its principal offices located at 200 Liberty Street, Metuchen, New Jersey.

14. Basic Trucking, Inc., is a New Jersey corporation, also started in or about 1994, with its principal offices at the same location as Rego, specifically 200 Liberty Street, Metuchen, New Jersey.

15. Upon information and belief, at all times relevant to this Complaint, the Corporate

3

Defendants, Rego and BT, employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendant**

16. Upon information and belief, Individual Defendant Vladimir Shukhman is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Vladimir Shukhman has been an owner, partner, officer and/or manager of the Corporate Defendants Rego and BT.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Vladimir Shukhman has had power over personnel decisions at the Corporate Defendants' business.

19. Defendant Vladimir Shukhman was regularly present at Rego and BT, and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Upon information and belief, at all times relevant to this Complaint, each of the Corporate Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

21. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## FACTS

22. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

23. Plaintiff Zacharczuk routinely worked five (5) days per workweek for Defendants.

24. Plaintiff Zacharczuk generally worked nine (9) hours per day, or forty-five (45) hours per week.

25. Plaintiff Zacharczuk was paid a salary, regardless of the number of hours she worked per week.

26. Defendants did not provide Plaintiff with paid sick or personal time; nor was Plaintiff paid for holiday time; rather, when Plaintiff took time from work, regardless of whether she was sick, it was deducted from her salary.

27. Plaintiff was not paid for her overtime hours worked.

28. Although Plaintiff was titled as "Director of Sales and Marketing", she had no supervisory duties whatsoever.

29. Plaintiff had no independent discretion.

30. Plaintiff did not hire and fire.

31. Plaintiff did not supervise.

32. Plaintiff did not set rates of pay.

33. At all times material hereto, Plaintiff was performing her job duties for the benefit of and on behalf of Defendants.

34. In or about August 2019, another employee of Defendants, filed a claim for unpaid

overtime compensation with the New Jersey Department of Labor ("NJDOL").

35. Shortly thereafter, in or about the end of August 2019, Defendants began requiring Plaintiff to clock in and out when she presented to work.

36. In or about September 2019, Plaintiff filed a claim for unpaid overtime wages and unpaid sick time with the New Jersey Department of Labor.

37. Immediately after filing her claim with the NJDOL, Defendants began retaliating against Plaintiff, leading to her termination within one-and-one half months of her NJDOL filing.

38. More specifically, upon the NJDOL notifying Defendants of Plaintiff's complaint, among other things, Defendants stripped Plaintiff of computer access to information, which was important to do her job, including the use of her email, as well as other job duties.

39. Defendants also posted jobs that met Plaintiff's job description, in order to replace her.

40. Defendants terminated Plaintiff on October 24, 2019.

41. This cause of action is brought by Plaintiff to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees, under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL.

42. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that performed services for Defendants for which Defendants made no provision to pay Plaintiff compensation to which she was lawfully entitled for hours worked in excess of forty (40) within a work week.

43. This cause of action is brought by Plaintiff to recover damages sustained by Plaintiff, resultant from Defendants' retaliatory actions in violation of the FLSA, 29 U.S.C. §

215(a)(3), the NJWHL, N.J. Stats. N.J.S.A. §34:11D-5, §34:11-56a24 and §12:56-1.7, and the New Jersey Law Against Discrimination ("LAD"), N.J.Stat. § 10:5-12(d).

44. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), the NJWHL, N.J. Stat. §34:11-56a25.1, and the LAD, N.J.Stat. §10:5-27.1, Plaintiff is entitled to a recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

46. Plaintiff is entitled to receive overtime at one-and one-half times her regular rate of pay for all hours worked in excess of forty (40) in a work week.

47. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for the overtime hours worked.

48. By reason of the said intentional, willful, and unlawful acts of Defendants,

49. Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

50. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

52. Plaintiff re-alleges, and incorporate here by reference, all allegations contained

in the above Paragraphs.

53. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff her statutorily required overtime compensation for all the hours that she worked in excess of forty (40) hours a week for the Defendants.

54. Defendants' aforementioned conduct is in violation of the NJWHL.

55. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF DAMAGES FOR DEFENDANTS VIOLATION OF THE RETALIATION PROVISIONS OF THE FLSA

56. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the paragraphs above.

57. FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]".

58. Defendants' above described actions constitute unlawful discrimination and discharge amounting to retaliation directly resultant from Plaintiff 's complaint made to the New Jersey Department of Labor for unpaid wages.

59. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

## COUNT IV
## RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF THE RETALIATION PROVISIONS OF THE NJWHL

60. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the paragraphs above.

61. NJ Stat. 34:11-56a24 makes it unlawful for an employer to discriminate against an employee who has, amongst other things, instituted a proceeding against her employer for a violation of the New Jersey Wage and Hour Law.

62. In addition to fines resultant from a conviction of a disorderly persons offense for such discrimination, a violator of NJ Stat. 34:11-56a24 shall also "pay any such employee wages lost as a result of such …discriminatory action, under penalty of contempt proceeding for failure to comply with such requirement."

63. Defendants' above actions constitute unlawful intimidation, coercion, manipulation amounting to retaliation directly resultant from Plaintiff filing of a complaint with the NJDOL for unpaid wages.

64. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

## COUNT V
## RECOVERY OF DAMAGES FOR DEFENDANTS' DISCRIMINATION IN VIOLATION OF THE NEW JERSEY <u>LAW AGAINST DISCRIMINATION</u>

65. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

66. Plaintiff 's allegation that she is entitled to unpaid wages resultant from Defendants' failure to compensate her overtime hours worked is protected activity under the Law Against Discrimination (LAD) N.J. Stat. 10:5-12(d).

67. Immediately resultant from Plaintiff's notification that she was desirous of recouping her unpaid overtime from Defendants, Defendants commenced retaliatory action against Plaintiff as described in paragraphs 34 through 40 above.

68. Defendants' retaliatory actions, which began *only after* Plaintiff's filing of an action for unpaid wages with the NJDOL, constitute coercion, intimidation, and interference with Plaintiff's absolute right to file a complaint asserting entitlement to compensation resultant from Defendants' unlawful acts of wage theft.

69. Defendants' retaliatory actions are directly resultant from Plaintiff's filing a claim against Defendants for unpaid wages with the NJDOL. This retaliation is unlawful and actionable.

70. As a direct and proximate result of Defendants' actions, including but not limited to, stripping of Plaintiff's job duties, the removal of Plaintiff's access to Defendants' computer and Plaintiff's email, and Plaintiff's termination, Plaintiff has sustained injury and has suffered. Plaintiff seeks to recover compensatory damages, including but not limited to, lost wages, front pay, liquidated damages, emotional distress damages, and reasonable attorneys' fees and costs.

## COUNT V
## RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF NEW JERSEY'S PAID SICK LEAVE STATUTE SICK LEAVE

71. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

72. Plaintiff was not provided sick leave.

73. Defendants did not have a policy by which Plaintiff earned sick leave.

74. As a result of not earning sick leave, Plaintiff suffered damages. Plaintiff seeks actual damages, as well as liquidated damages.

## JURY TRIAL

75. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff seeks the following relief:

(1) on Plaintiff's first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, plus third year damages, as well as interest, attorneys' fees and costs; and

(2) on her remaining causes of action, in an amount to be determined at trial, plus attorneys' fees and costs.

Dated: November 9, 2019    Respectfully submitted,

/s/ Andrew I. Glenn
Andrew I. Glenn, Esq.
Email: Aglenn@jaffeglenn.com
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Ste. 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308